UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                   Case No. 20-47886

KENNETH E. BEACH, and                Chapter 13
PATRICIA J. BEACH,

                                                     Judge Thomas J. Tucker

               Debtors.
_____/

**ORDER DENYING, WITHOUT PREJUDICE, MOTION FOR ORDER EXEMPTING THE DEBTOR-HUSBAND FROM THE DOMESTIC SUPPORT ORDER CERTIFICATION REQUIREMENT**

       This case is before the Court on a motion purportedly filed by both of the Debtors, entitled "Debtors' Motion for Order Exempting the Debtor-Husband from the Domestic Support Order Certification Requirement" (Docket # 47, the "Motion"). The Motion seeks a waiver of certain filing requirements of the Debtor Kenneth E. Beach, but the Motion also states "[t]hat Debtor-husband Kenneth E. Beach is now deceased having a date of death of February 24, 2021." (Motion at ¶ 1.)

       The Motion must be denied because it was not filed by or on behalf of anyone with standing to seek the relief sought. The Motion was filed by the Debtor Patricia J. Beach, but the Motion does not show that Patricia J. Beach has standing or authority to file a motion on behalf of the deceased Debtor.

       Only a personal representative duly appointed by the probate court under the laws of the State of Michigan may file a motion seeking relief on behalf of the deceased Debtor, Kenneth E. Beach. *See In re Pack*, 634 B.R. 738, 739 (Bankr. E.D. Mich. 2021); *In re Hamilton*, 274 B.R. 266, 267 (W.D. Tex. 2001) (citing *In re Lucio,* 251 B.R. 705, 708-09 (Bankr. W.D. Tex. 2000)) ("[W]hen a debtor dies, the only person who can then appear on the debtor's behalf is the person so named as the official representative of the probate estate of the debtor."); Mich. Comp. Laws Ann. § 700.3103 (stating, in relevant part, that "[e]xcept as otherwise provided in article IV, to acquire the powers and undertake the duties and liabilities of a decedent's personal representative, a person must be appointed by the register or by court order, must qualify, and must be issued letters"); Mich. Comp. Laws Ann. § 700.3703(3) (stating that "[e]xcept as to a proceeding that does not survive the decedent's death, a personal representative of a decedent domiciled in this state at death has the same standing to sue and be sued in the courts of this state and the courts of another jurisdiction as the decedent had immediately prior to death").

       The Motion does not allege or demonstrate that Patricia J. Beach is the personal representative of the deceased Debtor Kenneth E. Beach.

Accordingly,

IT IS ORDERED that the Motion (Docket # 47) is denied.

IT IS FURTHER ORDERED that this Order is without prejudice to the right of a duly appointed personal representative of the deceased Debtor to file a motion seeking the same relief that was sought by the present Motion. The Court expresses no view, at this time, about the merits of any such potential future motion.

**Signed on May 6, 2022**



/s/ Thomas J. Tucker

**Thomas J. Tucker
United States Bankruptcy Judge**